DECISION
Plaintiff has appealed Defendant's denial of its application for property tax exemption for the 2009-10 tax year. Plaintiff named both the Lane County Assessor and Oregon Department of Revenue (department) as defendants in its Complaint. The department filed an Answer requesting that it be removed as a named defendant.
A hearing in the matter was held by telephone April 20, 2010. Plaintiff was represented by Kathy Niemeyer (Niemeyer). Lane County Assessor was represented by Lori Halladey (Halladey). The department was represented by Sandra Sture. After brief discussion, the court granted the department's request to be removed as a defendant because Plaintiff was appealing an action taken by the county assessor and Plaintiff is not aggrieved by any action of the department. The dismissal is incorporated into this Decision. The court then discussed the merits of the underlying appeal with Niemeyer and Halladey. Following that discussion the parties submitted the matter to the court for decision. *Page 2 
 I. STATEMENT OF FACTS
The property at issue is identified in the assessor's records as Account 0424471. Plaintiff leases approximately 7,000 square feet of space in the property[1] for the operation of a day care center. (Ptf's Compl at 7, 20.)[2] That use entitles the property to receive exemption under ORS 307.145, [3] provided a proper and timely application is filed with, and approved by, the assessor.
Plaintiff has received property tax exemption on the subject property since the 2001-02 tax year. Due to changes in the lease over the years, reapplication has been required by statute. ORS 307.112(4)(b) (providing that the exemption continues "so long as the use of the property remains unchanged and during the period of the lease").
Plaintiff filed an exemption application for the 2009-10 tax year on November 23, 2009. (Ptf's Compl at 3.) Prior to the submission of that application, Niemeyer phoned the assessor's office on November 16, 2009, and spoke with Exemption Specialist Joyce Kehoe (Kehoe) about the application process. (Id.) Kehoe explained that a claim for exemption could be filed by December 31, 2009, provided it was accompanied with a filing fee of $917.23. (Id.) Kehoe further explained that a copy of the lease covering July 1, 2009, must also be submitted with the application. (Id.)
Plaintiff's November 23, 2009, application included a cover letter requesting waiver of the late filing fee. (Ptf's Compl at 6.) Defendant contacted Plaintiff by telephone on or about November 24, 2009, and advised Plaintiff that the fee could not be waived, and that a copy of the *Page 3 
lease covering July 1, 2009, needed to be provided. (Id. at 3.) Plaintiff promptly faxed Defendant a copy of a lease, which Defendant received that day. (Id.) That lease was a newly executed lease modification and extension effective from November 1, 2009, through June 30, 2013. (Ptf's Compl at 20.) Plaintiff sent the late filing fee by regular mail. Defendant received the late fee November 30, 2009.
By letter dated December 1, 2009, Defendant notified Plaintiff its application for property tax exemption was denied because "the Real Estate Modification Extension agreement provided our office was not in effect as of July 1, 2009." (Ptf's Compl at 4.) Defendant's denial letter goes on to explain that "[t]he time to apply with this lease is between January 1, 2010 and April 1, 2010." (Id.) That reference to the exemption application period pertained to exemption of the property for the 2010-11 tax year. (Ptf's Compl at 3.)
Plaintiff reapplied for exemption for tax year 2009-10 on or about January 13, 2010, with the lease covering the correct time period (July 1, 2009). Defendant responded with a letter to Plaintiff dated January 14, 2010, explaining that the application for the 2009-10 tax year was denied on December 1, 2009, and that the denial letter included a statement of appeal rights. (Ptf's Compl at 3.) Plaintiff was at some point granted exemption for the 2010-11 tax year.
Plaintiff appealed Defendant's exemption denial for the 2009-10 tax year to this court, asking that the court reinstate its nonprofit exempt status for that year. Defendant requests that its denial be upheld.
 II. ANALYSIS
ORS 307.145 provides property tax exemption for certain qualifying "child care facilities" operated for educational purposes.[4] An organization seeking exemption under that *Page 4 
statute is required to file an application. ORS 307.145(3)(b) (specifying that a "statement" must be filed in addition to any other information required under ORS 307.162[5]).
Where, as in this case, the owner of the property is a taxable entity but the lessee is entitled to claim exemption under one of a number of enumerated statutes, including ORS 307.145, ORS 307.112 governs the application process.[6]
Typically, the claim for exemption must be filed "on or before April 1" preceding the tax year for which the exemption is claimed. ORS 307.112(4)(a). Under the statute, once an application is filed and approved, "[t]he exemption shall continue so long as the use of the property remains unchanged and during the period of thelease * * *." ORS 307.112(4)(b) (emphasis added).
In this case, the subject property was under lease and receiving exemption for a number of years. Defendant apparently canceled the exemption for the 2009-10 tax year because the last lease agreement Defendant was aware of was executed in September 2005 and ended September 30, 2008, as discussed more fully below. (Ptf's Compl at 22.) Thus, as far as the assessor was aware, the property was not under lease on the January 1, 2009, assessment date or at the commencement of the 2009-10 tax year, which was July 1, 2009. See generally ORS 308.007. Accordingly, because the property appeared to no longer be under lease, ORS 307.112(4)(b) required an application to be filed on or before April 1, 2009, and no such application was submitted. *Page 5 
However, ORS 307.112(4)(a)(B) provides for a late filing deadline of December 31. For the 2009-10 tax year, Plaintiff was entitled to file an application before December 31, 2009, provided Plaintiff paid a late filing fee as required by ORS 307.112(4)(a)(B) and ORS 307.162(2). The applicant filing a late claim must also include a copy of the lease that is qualifying the property for exemption. Plaintiff did submit an application in November 2009 under the late filing provisions of ORS 307.112(4)(a)(B). Plaintiff also paid the late filing fee. Plaintiff also submitted a copy of a lease. However, as indicated in the statement of facts above, the lease submitted was a newly executed lease and was not effective until November 1, 2009. Accordingly, Defendant denied that application.
In its appeal to this court, Plaintiff submitted several relevant lease agreements with the Complaint. One is a "Real Estate Lease Modification and Extension Agreement" executed by Plaintiff and the lessor in September 2005. (Ptf's Compl at 22.) That agreement indicates that the first lease agreement was "dated September 27, 2000." (Id.) The purpose of that lease extension agreement was to extend the lease through September 30, 2008, and to specify a graduated rent between October 1, 2005, and September 30, 2008. (Id.) The stated rent in that agreement was $6,173 for the period of October 1, 2005 through September 30, 2007, and increased to $6,358 beginning October 1, 2007, and ending September 30, 2008. (Id.) The timing of the expiration of that lease agreement (September 30, 2008) would have required a new application in 2009 because, under ORS 307.112(4)(b), the exemption only continues "during the period of the lease," and the lease expired before 2009. As stated above, Plaintiff missed the April 1, 2009, application deadline provided in ORS 307.112(4)(a).
Plaintiff and the lessor did execute another lease extension in July 2008, titled "Real Estate Lease Modification Extension Agreeme[n]t." (Ptf's Compl at 21.) That agreement *Page 6 
provides in relevant part: "[t]he undersigned Lessor and Lessee herein agree to extend the current lease term from October 1, 2008 through September 30, 2010." (Id.) The significance of that lease extension is that it runs through September 30, 2010, which encompasses the entire 2009-10 tax year (which began on July 1, 2009, and ends June 30, 2010). Had Plaintiff submitted a copy of that agreement with its November 2009 "late" application (authorized under ORS 307.112(4)(a)(B)) and late filing fee, the property would have qualified for exemption and Defendant would presumably have granted the application. Instead, due to a changeover in personnel and an internal misunderstanding within the organization, Plaintiff misunderstood the instructions given by Defendant and submitted another lease extension which did not become effective until November 1, 2009.[7]
However, Plaintiff was leasing the property under a lease that was in effect on July 1, 2009, Plaintiff filed an exemption application that was timely under the ORS 307.112(4)(a)(B) late filing deadline of December 31, 2009, and Plaintiff submitted the late filing fee. Importantly, Plaintiff's November 2009 exemption application for the 2009-10 tax year indicates that the property was under lease with an expiration date of September 30, 2010. (Ptf's Compl at 7.)
The only other significant requirement for exemption under the statute is that "the rent stated in the lease * * * reflect the [tax] savings below market rent resulting from the tax exemption * * *." ORS 307.112(3). The stated rent in the July 2008 lease covering the period October 1, 2008, through September 30, 2010, is approximately 10 percent greater than the rent under the September 2005 agreement covering the period October 1, 2005 through *Page 7 
September 30, 2008, [8] and the court has no information as to whether the stated rent in either of those agreements is below market. However, Defendant granted Plaintiff exemption under the September 2005 agreement through the 2008-09 tax year, and subsequently granted Plaintiff an exemption for the 2010-11 tax year. The exemption for tax year 2010-11 is based on a rent of $7,000, which is slightly more than the rent of $6,965 for the period October 1, 2008, through September 30, 2009. With the state of the current real estate market, the similarity in rents is understandable and suggests that the property is rented at below market rate. Accordingly, the court finds that Plaintiff is entitled to exemption for the 2009-10 tax year, notwithstanding its failure to submit the correct lease agreement with its November 2009 exemption application.
 III. CONCLUSION
After carefully reviewing the matter, the court concludes that Plaintiff is entitled to exemption for the 2009-10 tax year because the property was occupied under a lease covering the relevant time period, the late application was filed before the December 31, 2009, extended deadline, and Plaintiff paid the late filing fee. Now, therefore,
IT IS THE DECISION OF THIS COURT that the Department of Revenue's request to be removed as a defendant is granted. The title of this case is amended as set forth above; and *Page 8 
IT IS FURTHER DECIDED that Plaintiff's appeal for exemption for the 2009-10 tax year, for property identified as Account 0424471, is granted.
Dated this ___ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon September 3, 2010. The Court filed and entered this documenton September 3, 2010.
[1] It appears as though Plaintiff leases the entire building, but that fact was not expressly established and is not necessary for the court's determination in this appeal.
[2] One document is a copy of Plaintiff's lease application to the assessor dated November 16, 2009, which Plaintiff submitted with the Complaint. The other document is a copy of the November 2009 lease extension.
[3] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007.
[4] One of the main requirements is that the organization be eleemosynary (i.e., charitable) or religious.
[5] ORS 307.162 generally covers the exemption application process.
[6] ORS 307.112(1) provides, in relevant part:
 "Real or personal property of a taxable owner held under lease, sublease or lease-purchase agreement by an institution, organization or public body, other than the State of Oregon, granted exemption or the right to claim exemption for any of its property under * * * ORS 307.145 * * * is exempt from taxation if [the property is used for the appropriate exempt purposes and there is a tax savings clause in the lease]."
[7] A letter written by Niemeyer to the Department of Assessment and Taxation dated November 19, 2009, states Plaintiff understands that it was required to file an application before April 1, 2009, but that it had "a major change in personnel" and a resulting lack of knowledge of the need to file for the exemption. (Ptf's Compl at 6.)
[8] The rent in the July 2008 lease extension is $6,965 for the period October 1, 2008 through September 30, 2009, and rises to $7,315 beginning October 1, 2009 and ending September 30, 2010, compared to a rent of $6,358 for the period October 1, 2007 through September 30, 2008. (Ptf's Compl at 21, 22.) However, the subsequent lease extension executed by Plaintiff and the lessor in November 2009 provides for a rent of $7,000 for the period November 1, 2009 through June 30, 2013. (Ptf's Compl at 20.)